```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF NEW HAMPSHIRE
```

United States of America

    v.                                    Criminal No. 14-cr-074-01-LM

Joshua Fields


O R D E R

At a hearing on November 17, 2016, the court resentenced Joshua Fields.  During this hearing, defense counsel and Mr. Fields made the court aware that, after his original sentencing, the Bureau of Prisons classified Mr. Fields as a sex offender.  As a result of that classification, Mr. Fields credibly described harassment, seclusion, threats, transfers and other hardships that the court finds may well impede any efforts at his rehabilitation while in prison.

Defense counsel argued that the sex offender classification is an error and must be corrected.  According to defense counsel, the classification was the result of a narrative description of a domestic assault conviction contained in Mr. Fields's original PSR at paragraph 57 (page 19).  Specifically, defense counsel attributed the classification to a specific line in that narrative (within the second full paragraph) that

described Mr. Fields as having "groped" the victim's "left breast" during the assault. The court reviewed the police report of that incident and the report does not contain the word "groped." It is clear from the police report that the assault was violent in nature, but the report does not suggest that Mr. Fields assaulted the victim for purposes of sexual gratification. Moreover, while Mr. Fields's criminal record is lengthy, troubling, and includes domestic assaults, he has no convictions for sexual assault or sex-related conduct.

The court's paramount concern with respect to Mr. Fields is that, while in prison, his chances of rehabilitation (for his mental health and drug addiction) are maximized. Without successful rehabilitation, Mr. Fields's release will place public safety at risk. The government offered neither evidence nor argument to the contrary and did not object to defense counsel's efforts to correct the PSR and assist in having the Bureau of Prisons reclassify Mr. Fields.

Accordingly, the court issues the following order as an addendum to the judgment and conviction in Mr. Fields's case:

> A brand new, corrected PSR is being issued as a result of Mr. Fields's resentencing. Upon receipt of that new PSR, the Bureau of Prisons shall destroy any and all copies of Mr. Fields's original PSR within its possession and reclassify Mr. Fields based on the new

PSR and without reference to any portion of the original PSR.

SO ORDERED.

_____
Landya B. McCafferty
United States District Judge

December 1, 2016

cc:   Thomas F. McCue, Esq.
      Seth R. Aframe, Esq.
      John J. Farley, Esq.