# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                                   Criminal No. 14-cr-074-01-LM
                                          Opinion No. 2017 DNH 207

Joshua Fields

## **O R D E R**

On December 1, 2016, the court issued an amended judgment for defendant Joshua Fields on his conviction for possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1). Fields has since appealed his sentence. The amended judgment included an order requiring the Bureau of Prisons ("BOP") to "destroy any and all copies of Mr. Fields's original [Presentence Report ("PSR")] within its possession and reclassify Mr. Fields based on the new PSR and without reference to any portion of the original PSR." Doc. no. 31-1 at 2-3. The order was intended to correct Fields's erroneous classification as a sex offender, which the BOP had imposed as a result of an error in the original PSR.

Fields has now filed a motion for contempt against the BOP, alleging that the BOP has continued to use his original PSR and has retained his sex offender classification. The government objects. For the following reasons, Fields's motion is denied.[1]

---

[1] To the extent that Fields's motion includes a request for a hearing on the matter, see doc. no. 42 at 2, the court denies

The government argues that the motion should be denied for three reasons: (1) the court does not have jurisdiction over the case as a result of Fields's appeal; (2) the proper vehicle for Fields's complaint is 28 U.S.C. § 2241; and (3) Fields's claim lacks merit.  See doc. no. 45 at 1-2.  Although the court is not persuaded by the government's first two arguments, it agrees that Fields has not carried his burden on the merits.

Generally, "the filing of a notice of appeal divests the district court of jurisdiction over matters related to the appeal." Acevedo-Garcia v. Vera-Monroig, 368 F.3d 49, 58 (1st Cir. 2004).  "But that principle has no bearing on a court's power to hold a party in contempt for violating a court order related to execution on a judgment."  Id.; see also United States v. Hurley, 63 F.3d 1, 23 (1st Cir. 1995) (noting that a district court may "act in aid of execution of a judgment that has been appealed but not stayed").  Therefore, the court retains jurisdiction to enforce its order while the appeal is pending.

---

his request.  Fields does not suggest that he will provide additional evidence to the court.  See Hawkins v. Dep't of Health & Human Servs. For N.H., Comm'r, 665 F.3d 25, 36 (1st Cir. 2012) ("Where the moving party fails to indicate that it possesses new material evidence that it wishes to present to the court, an evidentiary hearing is not required.").

2

Nor has the government shown that Fields was required to bring his complaint through a separate action under 28 U.S.C. § 2241. Although an individual may seek relief "from the manner of execution of a sentence" by way of a § 2241 action, Muniz v. Sabol, 517 F.3d 29, 33-34 (1st Cir. 2008), the government cites no authority for the proposition that the alleged violation of a court order must be litigated through such an action simply because it relates to a defendant's conditions of confinement.

Rather, this court has the "inherent power to enforce compliance with [its] lawful orders through civil contempt," Shillitani v. United States, 384 U.S. 364, 370 (1966), and it may invoke that power to "protect the due and orderly administration of justice and . . . maintain the authority and dignity of the court," Goya Foods, Inc. v. Wallack Mgmt. Co., 290 F.3d 63, 78 (1st Cir. 2002) (internal brackets omitted). Thus, the court may properly consider Fields's motion and, if necessary, enforce compliance with its prior order through its civil contempt power. See Agtuca v. Reed, No. CV-86-331-RHW, 2006 WL 2009050, at *2 (E.D. Wash. July 17, 2006) (declining to classify motion for contempt as one seeking habeas relief, because "[p]etitioner is not seeking relief from an alleged infringement of his constitutional rights; he is merely seeking enforcement of an order issued by the Court").

Nevertheless, on the merits, the court cannot conclude that Fields has satisfied his burden of establishing that the BOP violated the order. "A district court may issue a civil contempt order if the moving party establishes by clear and convincing evidence that the alleged contemnor violated the order despite clear and unambiguous notice of the order and the ability to comply with it." AngioDynamics, Inc. v. Biolitec AG, 780 F.3d 420, 426 (1st Cir. 2015).

The government has provided two BOP forms showing Fields's classification—one based on the original PSR and one compiled after the court issued its amended judgment and order. The former displays a sex offender classification, while the latter does not. Compare doc. no. 45-1, with doc. no. 45-2. This is strong evidence that the BOP has complied with the court's order and reclassified Fields based on the new PSR.

By comparison, Fields offers the following evidence to support his motion: (1) a sentence monitoring computation form, which shows his new sentence but still references his now-vacated sentencing enhancement under 18 U.S.C. § 924; (2) an email exchange between Fields and the BOP regarding the calculation of his sentence; (3) the results of a FOIA request pertaining to his sex offender classification; and (4) an inmate profile form that he apparently obtained from his FOIA request,

which contains redactions of information compiled for law enforcement purposes which could reasonably be expected to endanger the life or physical safety of any individual, 5 U.S.C. § 552(b)(7)(F).  See doc. nos. 42-2, 42-3, 42-4, 42-5.  Unlike the express references in the government's exhibits, none of this evidence explicitly shows that the BOP is continuing to classify Fields as a sex offender.  Even if it provides some circumstantial evidence supporting Fields's claim, in light of the evidence proffered by the government, the court cannot conclude that Fields has demonstrated a violation of the court's order by clear and convincing evidence.  See AngioDynamics, Inc., 780 F.3d at 426.

Accordingly, the motion for contempt (doc. no. 42) is denied.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

September 22, 2017

cc: Seth R. Aframe, Esq.
    John J. Farley, Esq.
    Thomas F. McCue, Esq.
    U.S. Probation
    U.S. Marshal