D/NH PROB 12B
(Rev 8/18)

# UNITED STATES DISTRICT COURT
for
The District of New Hampshire

**Request for Modifying the Conditions or Term of Supervision with Consent of the Offender**

Name of Offender:  Joshua Fields                                       Case Number:  14-CR-74-01-LM

Name of Sentencing Judicial Officer:   Honorable Landya B. McCafferty

Date of Original Sentence:   December 1, 2016

Original Offense:  Possession of a Firearm by a Convicted Felon

Original Sentence:   15 years of imprisonment; 5 years of supervised release

Amended Sentence:  05/13/2021 – Time served imprisonment; special term of supervised release until July 23, 2023; 3 years of supervised release

Revocation:           N/A

Type of Supervision:   Special term of supervised release        Date Supervision Commenced:   May 13, 2021

## PETITIONING THE COURT

☐ To extend the term of supervision for ___ years, for a total term of ___ years.
☒ To modify the conditions of supervision as follows:

You must participate in a cognitive-behavioral treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). Such programs may include group sessions led by a counselor or participation in a program administered by the probation officer. You must pay for the cost of treatment to the extent you are able, as determined by the probation officer.

## CAUSE

Upon his release from imprisonment Fields displayed motivation to better himself coupled with moments of poor decision-making. For example, he has obtained medical insurance, is employed, engaged in mental health counseling, obtained psychiatric medication, obtained a state identification, and connected with family members. Conversely, he has displayed deception and chosen to use controlled substances. On June 1, 2021, he met with the probation officer to discuss the results of a prior drug test, which was presumptive positive for amphetamines. During that meeting, Fields denied using any controlled substances, but his appearance and behavior suggested otherwise. The probation officer then requested that Fields submit a urine sample for drug testing purposes. During the observed collection of that sample, Fields appeared even more nervous. Eventually, the probation officer discovered that Fields had hidden under his clothing a crude and unsanitary device with which to submit an adulterated urine specimen. When asked to produce the device, Fields attempted to hide it from the probation officer's view, and it ruptured. This caused the device to spill its contents, but Fields continued to deny that he had used any controlled substances. That said, he submitted a legitimate urine specimen that tested positive for cocaine, and Fields eventually admitted to having used that drug. The probation officer warned him about future noncompliance, and he encouraged him to explore treatment responses with his outpatient substance abuse/mental health treatment provider when they were scheduled to meet the next morning. On June 2, 2021, Fields was late for his appointment despite not being employed or having any other commitments.

The probation officer is cognizant of atypical circumstances in Fields' case.  That said, Fields' conduct is unacceptable for a variety of reasons.  As part of a recent mental health assessment, the evaluator pointed out that he believed Fields would benefit from a cognitive-behavioral treatment program, specifically Moral Reconation Therapy (MRT).  The probation officer agrees with this assessment, and the appropriateness of MRT is supported by the results of a risk assessment that was conducted with Fields shortly after his release.  That assessment lists cognitions (i.e., thinking styles) as the number one risk factor that could lead to his re-incarceration.

In response to his substance abuse and deception, and in consideration of the mental health and risk assessments, the probation officer spoke with Fields about voluntarily adding the above-referenced special condition of supervised release.  The probation officer explained that adding this condition would require a modification by the Court and that attendance at MRT would mandatory.  Fields agreed with this intervention as evidenced by the attached waiver.  Should he demonstrate further noncompliance, the probation officer will notify the Court with a recommendation.

Respectfully submitted by,

/s/ *Steven R. Seero*
Steven R. Seero
Special Offender Specialist
603-226-7318
Date:  6/15/2021

Reviewed & Approved by:

/s/ *Christopher H. Pingree*
Christopher H. Pingree
Supervisory U.S. Probation Officer
603-226-7315

---

THE COURT ORDERS:

☐  No action

☐  The Extension of Supervision as Noted Above

XX  The Modification of Conditions as Noted Above

☐  Other:

_____
Signature of Judicial Officer

June 16, 2021
_____
Date

PROB 49
(3/89)

# United States District Court

District of New Hampshire

## Waiver of Hearing to Modify Conditions
## of Probation/Supervised Release or Extend Term of Supervision

    I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

    I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

You must participate in a cognitive-behavioral treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). Such programs may include group sessions led by a counselor or participation in a program administered by the probation officer. You must pay for the cost of treatment to the extent you are able, as determined by the probation officer.

Witness: _____  Signed: _____
(U.S. Probation Officer)                        (Probationer or Supervised Releasee)

_____
(Date)